UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------
JOHN P. RAYCHEL,

                Plaintiff,

-against-

ASSOCIATED CREDIT SERVICES, INC.

                Defendant.
------------------------------------------------------------------------

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff JOHN P. RAYCHEL ("Plaintiff"), by and through his attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for his Complaint against the Defendant ASSOCIATED CREDIT SERVICES, INC. ("Defendant" and/or "ACS"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2. Plaintiff is a resident of the State of New Jersey, residing at 15 Cedar Hill Dr. West Creek, NJ 08092-3142.

3. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

4. Defendant ACS is a Massachusetts company engaged in business of collecting debts with its principal place of business located at 115 Flanders Road, Suite 140, P.O. Box 5171 Westborough, MA 01581-5171. Defendant conducts business in the State of New Jersey and therefore personal jurisdiction is established.

5. ACS is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 et seq. and 28 U.S.C. §2201.

7. The Court has supplemental jurisdiction over any state law claims in this action pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10. On information and belief, on a date better known to the Defendant, TD BANK, either directly or through intermediate transactions assigned, placed, transferred, or sold a debt to ACS for collection ("the alleged debt").

11. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

12. On or about September 15, 2011, Defendant placed a telephone call to the Plaintiff seeking and demanding payment on the alleged debt.

13. Defendant, through its agent and debt collector "Jessica", advised Plaintiff that the alleged debt was due and owing in the amount of "$10,000".

14. Defendant failed to identify itself by name and further failed to disclose to Plaintiff their identity as a debt collector.

15. Defendant failed to give Plaintiff the required disclosures by identifying themselves as a debt collector, that they were attempting to collect a debt, and that any information would be used for that purpose thereby violating 15 U.S.C. §1692e(11).

16. Defendant further violated 15 U.S.C. §1692e – preface and (10) by using a deceptive and misleading means and representation by not providing the required warnings under 15 U.S.C. §1692e(11).

17. Defendant violated 15 U.S.C. §1692d-preface and (6) by failing to provide meaningful disclosure of the caller's identity to Plaintiff when the Defendant communicated with Plaintiff without identifying the purpose of the call and disclosing to Plaintiff the Defendant's identity as a debt collector calling in reference to a debt collection and that any information obtained will be used for that purpose.

18. Defendant demanded that Plaintiff pay Defendant "$10,000" on the alleged debt.

19. Plaintiff advised Defendant that he could not afford to make any payment to Defendant as Plaintiff already has judgments against him and cases currently in New Jersey Civil Court.

20. Defendant became confrontational and implied that Plaintiff was a liar by stating to Plaintiff that he "only has one judgment" against him.

21. Plaintiff again advised Defendant that he has more than one judgment against him and cases currently in New Jersey Civil Court and therefore Plaintiff could not afford to make any payment to Defendant.

22. Defendant again challenged and implied that Plaintiff was a liar by stating, "No, I'm looking at your credit report right now".

23. Defendant stated to Plaintiff that it "must be a relief" to find out that there is only one judgment against him and "not as many as he thought".

24. Plaintiff advised Defendant that he is paying on more than one judgment and that Plaintiff will prove it.

25. Defendant continued to challenge and act confrontational toward Plaintiff and further implied that Plaintiff is a liar by stating that they [Defendant] "don't believe there are [other] judgments because there is only this one on your credit report".

26. Defendant demanded that Plaintiff modify the existing payment plans that Plaintiff already has with other debt collectors or creditors.

27. Plaintiff advised Defendant that he is unable to modify any existing payment plans as Plaintiff is not allowed to do so.

28. Defendant was deceptive and misleading in responding to Plaintiff that "of course" they (other debt collectors or creditors) would allow you [Plaintiff] to modify existing payment plans.

29. Defendant continued advising Plaintiff that "They [other debt collectors or creditors] have to" and that "they cannot tell you [Plaintiff] no".

30. Defendant is without the knowledge and authority to make such a statement to Plaintiff regarding what other debt collectors or creditors will or will not allow regarding payment plan modification.

31. Defendant was deceptive, misleading, and unfair in advising Plaintiff to modify existing payment plans with other companies and that they [other debt collectors or creditors] "have to" allow Plaintiff to do so when Defendant was unwilling to do the same for Plaintiff despite allegedly "having" to do so.

32. Plaintiff again advised Defendant that he is paying on more than one judgment and that Plaintiff will prove it.

33. Defendant was abusive and harassing in responding to Plaintiff, "I don't want to do this again".

34. Defendant was abusive and harassing in further responding to Plaintiff, "I'm going to let TD Bank know that you are "refusing to pay".

35. Defendant was abusive and harassing in further responding to Plaintiff that Defendant would let TD Bank know that Plaintiff is "requesting a judgment be put against him".

36. Plaintiff again advised Defendant that he was not "refusing to pay".

37. Plaintiff expressed concern that he did not want to re-start the Statute of Limitations on the alleged debt.

38. Defendant continued to be abusive, harassing and confrontational in responding that Plaintiff owes the alleged debt but is now "trying to beat the Statute of Limitations".

39. Defendant terminated the telephone call by advising Plaintiff in an abusive and condescending tone, "Yes you are. You are refusing John" and hanging up the telephone on Plaintiff.

40. Defendant violated 15 U.S.C. §1692e-preface, (2), and (10) and §1692f-preface and (1) by using an unfair and unconscionable means to collect a debt by attempting to collect an "amount due" not expressly authorized by the agreement creating the debt or permitted by law. Further, Defendant failed to disclose to Plaintiff "the amount of the debt", interest, fees, and other charges as further required by §1692g.

41. Defendant's actions were abusive, harassing, deceptive, unfair and irritating.

42. Defendant utilizes a deceptive and misleading means to collect the alleged debt.

43. Defendant utilizes an unfair and unconscionable means to collect the alleged debt.

44. Plaintiff suffered and continues to suffer from great personal humiliation, embarrassment, mental anguish, stress, emotional distress and other damages as a result of Defendant's actions.

45. Defendant violated the FDCPA.

46. Therefore due to the Defendant's gross violations of the FDCPA the Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

47. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "46" herein with the same force and effect as if the same were set forth at length herein.

48. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

   a. 15 U.S.C. §1692d-preface, (5) and (6).

   b. 15 U.S.C. §1692e-preface, (2), (5), (7), (8), (10), and (11).

   c. 15 U.S.C. §1692f-preface, (1) and (5).

   d. 15 U.S.C. §1692g.

49. As a result of defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff JOHN P. RAYCHEL demands judgment from the Defendant ASSOCIATED CREDIT SERVICES, INC. as follows:

   A. For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

   B. For statutory damages of $1,000.00 provided and pursuant to 15 U.S.C. §1692k(2)(A);

C. For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(B);

D. For any and all attorneys' fees, filing fee, service of process fee and other costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

E. Nominal damages;

F. A declaration that the Defendant's practices violated the FDCPA;

G. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff JOHN P. RAYCHEL hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to a jury trial.

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I hereby certify to my own knowledge and based upon information available to me at my office and pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Dated:   October 31, 2011

Respectfully submitted,

By: _____
Eric M. Milner, Esq., Of Counsel
LAW OFFICES OF ALLISON POLESKY, P.C.
511 Avenue of the Americas, Suite 712
New York, New York 10011
Phone:   (866) 479-9500
Facsimile: (866) 688-4300
Attorney for the Plaintiff JOHN P. RAYCHEL